July 1, 2013

The Honorable John Smithee
Chair, Committee on Insurance
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1012

Re: Whether the State of Texas has a legal obligation to pay unfunded losses that exceed the Texas Windstorm Insurance Association's ability to pay (RQ-1112-GA)

Dear Representative Smithee:

You ask whether the State of Texas has "a legal obligation to pay unfunded losses that exceed" the Texas Windstorm Insurance Association's ("TWIA") ability to pay.[1] We construe your request to ask about future losses that have yet to accrue and answer your question accordingly.

The Legislature created TWIA "to serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." TEX. INS. CODE ANN. § 2210.001 (West Supp. 2012). In furtherance of that purpose, the Legislature required TWIA to "provide windstorm and hail insurance coverage to those who are unable to obtain that coverage in the private market." *Id.* § 2210.001(2). TWIA "is composed of all property insurers authorized to engage in the business of property insurance" in Texas, and "[e]ach member of the association shall participate in insured losses and operating expenses of the association" in a manner determined by the Department of Insurance. *Id.* §§ 2210.051(a) (West 2009), 2210.052(a) (West Supp. 2012).

Chapter 2210 of the Insurance Code provides a legislatively mandated framework for the operation of TWIA. *Id.* §§ 2210.001–.654 (West 2009 & Supp. 2012). Relevant to your questions, subchapter B-1 of chapter 2210 governs TWIA's payment of losses. *Id.* §§ 2210.071–.075 (West Supp. 2012). Pursuant to section 2210.071, if the insured losses and operating expenses of TWIA are "in excess of premium and other revenue of the association, the excess losses and operating expenses shall be paid" from "available reserves of the association and available amounts in the catastrophe reserve trust fund." *Id.* § 2210.071(a)–(b). The catastrophe

---

[1]Letter from Honorable John Smithee, Chair, House Comm. on Ins., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 14, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

reserve trust fund is financed through TWIA payments from any "net gain from operations" of TWIA at the end of each year. *Id*. § 2210.452(c).

The Legislature has provided that any losses not paid from TWIA's available reserves or the catastrophe reserve trust fund "shall be paid from the proceeds from public securities issued in accordance with" chapter 2210. *Id*. § 2210.071(c). To that end, the Legislature has authorized the issuance of up to $2.5 billion in public securities per catastrophe year. *Id*. §§ 2210.072–.074; *see id*. § 2210.003(3-b) (defining "catastrophe year"). The Legislature has decided, however, that a public security issued under chapter 2210 "*is not a debt of this state* or any state agency or political subdivision of this state, and does not constitute a pledge of the faith and credit of this state." *Id*. § 2210.615(b) (emphasis added). Instead, the Legislature has chosen to structure TWIA such that public securities issued under chapter 2210 are "payable solely from revenue as provided by" the TWIA public securities program. *Id*. § 2210.615(a).

With the enactment of chapter 2210 of the Insurance Code, the Legislature established the exclusive methods through which excess losses shall be paid by TWIA. The Legislature chose to foreclose all other possible methods of payment by clearly providing that "excess losses and operating expenses shall be paid as provided by this subchapter." *Id*. § 2210.071(a). Nothing in the subchapter provides for funding by the State or through the State's general revenue. Thus, the Legislature has elected not to create a legal obligation on behalf of the State to pay unfunded losses that cannot be paid through the methods described in chapter 2210.

In addition to the Insurance Code provisions related to TWIA, article III, section 49 of the Texas Constitution prohibits the creation of state debt without voter approval except in limited circumstances. TEX. CONST. art. III, § 49. The Legislature's authorization of the issuance of public securities to fund insured losses and operating expenses of TWIA avoids conflict with this constitutional provision by expressly providing in subsections 2210.615(a) and (b) that the public securities do not create a debt of the state and that they are to be paid solely from revenue generated by TWIA. *See Tex. Pub. Bldg. Auth. v. Mattox*, 686 S.W.2d 924, 928 (Tex. 1985) (applying the same analysis to the issuance of bonds to fund state office buildings).

Your second question assumes an affirmative answer to your first. Request Letter at 1. Because the Legislature elected not to obligate the state to pay for TWIA's unfunded losses, we need not answer your second question.

## S U M M A R Y

The Legislature has chosen not to obligate the State to pay unfunded losses that the Texas Windstorm Insurance Association is unable to pay.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee